**Pavel Vladimirovich POPLAVSKIY, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–1331–ag.**

United States Court of Appeals, Second Circuit.

April 3, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

**132**

Anne E. Doebler, Buffalo, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation, Carol Federighi, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Pavel Vladimirovich Poplavskiy, a stateless native of Ukraine, seeks review of a March 23, 2007 order of the BIA affirming the June 13, 2005 decision of Immigration Judge ("IJ") Michael Rocco denying petitioner's application for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"). *In re Pavel Vladimirovich Poplavskiy*, No. A71 338 981 (B.I.A. Mar. 23, 2007), *aff'g* No. A71 338 981 (Immig. Ct. Buffalo, June 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard and treat them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc).

■ As a preliminary matter, the Government correctly argues that many of Poplavskiy's arguments on appeal were not properly raised before the BIA and are, thus, unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir.2007). Indeed, as a statutory, and, thus, jurisdictional matter, we are without jurisdiction to review Poplavskiy's claim that his case should be remanded for consideration of a waiver under 8 U.S.C. § 1159(c). 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006). Moreover, pursuant to the judicially imposed, but mandatory, issue exhaustion requirement, we decline to consider Poplavskiy's arguments that: (1) the IJ failed to consider his eligibility for asylum under 8 C.F.R.

§ 1208.13(b)(1)(iii)(B) due to his stateless-ness; and (2) the IJ erred by not placing the burden of proof on the government to show he no longer meets the definition of a refugee. *See Lin Zhong,* 480 F.3d at 124. However, we do not agree with the government that Poplavskiy failed to exhaust his arguments that: (1) his case should be remanded for the IJ to consider whether the continued renewal of the Lautenberg Amendment precludes the IJ from finding that there has been a fundamental change in circumstances in Ukraine; and (2) substantial evidence does not support the IJ's finding that he did not suffer past persecution. Accordingly, we proceed to consider those arguments.

■ Poplavskiy's argument that the agency failed to consider the cumulative significance of his past experiences is without merit. The IJ considered the harm suffered by Poplavskiy's family members and enumerated the various instances of bullying, verbal abuse and taunts that Poplavskiy claimed he suffered at the hands of teachers, fellow students, and communists at his public school and found that "the evidence here" failed to establish that his experiences amount to persecution. Indeed, Poplavskiy does not identify any portion of the IJ's decision in which his alleged experiences were evaluated in isolation and deemed insufficient to amount to persecution. *Cf. Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 290 (2d Cir.2007); *see also Tao Jiang v. Gonzales,* 500 F.3d 137, 141 (2d Cir.2007) (finding that "[a]s a general principle, an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic.").

■ Poplavskiy also challenges the IJ's finding that he did not suffer past persecution. As we have held, the difference between harassment and persecution is one of degree, which must be assessed with regard to the context in which the mistreatment occurs. The incidents described, while doubtlessly traumatic for a child, do not rise above mere harassment. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). Thus, a reasonable adjudicator would not be compelled to conclude that Poplavskiy's past mistreatment rises to the level of persecution. 8 U.S.C. § 1252(b)(4)(B); *see Eusebio v. Ashcroft,* 361 F.3d 1088, 1091 (8th Cir.2004) (upholding agency's finding of no persecution where applicant was chased or beaten, and briefly detained by authorities while participating in rallies).

Furthermore, Poplavskiy argues that the IJ erred by requiring him to show physical harm to establish past persecution. We disagree that the IJ required him to show physical harm.

■ Poplavskiy further argues that the IJ erred in finding a fundamental change in circumstances in light of Congress's repeated renewal of the Lautenberg Amendment, providing refugee status to, *inter alios,* certain evangelical Christians from Ukraine. The Lautenberg Amendment provides that a covered alien "may establish, for purposes of admission as a refugee under section 207 of the Immigration and Nationality Act [8 U.S.C. § 1157], that the alien has a well-founded fear of persecution on account of ... religion ... by asserting such a fear and asserting a credible basis for concern about the possibility of such persecution." Pub.L. No. 101–167, Title V, § 599D, 103 Stat. 1261 (1989) (codified at 8 U.S.C. § 1157 note (as amended) (Establishing Categories of Aliens for Purposes of Refugee Determinations)). As Poplavskiy concedes, he is in removal proceedings and is therefore applying for asylum pursuant to 8 U.S.C. § 1158, as opposed to refugee status under 8 U.S.C. § 1157. As a result, the Lautenberg

Amendment is inapplicable to Poplavskiy's application for relief. *See Halaim v. INS,* 358 F.3d 1128, 1133 (9th Cir.2004) ("The plain meaning of the Lautenberg Amendment, as evinced by its unambiguous text, limits its application to section 207 [8 U.S.C. § 1157] proceedings only.").

■ As to his argument that the Lautenberg Amendment should be considered in the context of whether there has been a "fundamental change" in Ukraine, we find that Congress's repeated renewal of the Lautenberg Amendment is not determinative of whether country conditions have changed for purposes of Poplavskiy's individual asylum application. Indeed, the cases Poplavskiy relies on to support his argument are minority opinions. In this case the agency conducted an individualized analysis and found the background evidence sufficient to establish a fundamental change in circumstances, which undermined the objective reasonableness of Poplavskiy's well-founded fear of persecution.

The Lautenberg Amendment itself requires "each applicant to 'establish' a particularized well-founded fear, even if the applicant's evidence pertains to co-religionists generally." *Halaim,* 358 F.3d at 1134. The IJ found that Poplavskiy failed to demonstrate a "credible basis for concern" based on the background material on Ukraine in the record. Because substantial evidence supports this determination, the IJ did not err by failing to consider the Lautenberg Amendment in context of whether there has been a "fundamental change." *See Zhou Yun Zhang,* 386 F.3d at 66.

■ Poplavskiy did not challenge the IJ's denial of CAT relief to the BIA or to this Court. Accordingly, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because Poplavskiy was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir.1991).

For the foregoing reasons, the petition for review is DENIED. The stay of removal that the Court previously granted in this petition is VACATED.